UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARIA SILVIA GUEVARA ENRIQUEZ et al, <br><br> Plaintiff(s), <br><br> v. <br><br> UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES et al, <br><br> Defendant(s). | CASE NO. 2:23-cv-00097-TL <br><br> ORDER DENYING STAY |

This is a putative class action asserting unreasonable delays in the processing of certain U.S. immigration applications. This matter is before the Court on Defendants U.S. Citizenship & Immigration Services' ("USCIS") and Ur M. Jaddou's, the Director of USCIS, motion to stay initial discovery deadlines (the "Motion to Stay"). Dkt. No. 28. Having considered the relevant record, the Court DENIES the Motion to Stay but EXTENDS the initial scheduling deadlines by **thirty (30) days**, for the reasons below.

## I. BACKGROUND

Plaintiffs are a putative class of individuals who allege that Defendants have unreasonably delayed the processing of their applications for a provisional waiver (Form I-601A) in violation of the Administrative Procedure Act. Dkt. No. 27 at 8–9 (amended complaint). On January 26, 2023, Plaintiffs filed a motion for class certification (Dkt. No. 17), which was fully briefed as of March 9 (Dkt. Nos. 25, 33). On February 16, the Court issued an initial scheduling order (the "February 16 Order") setting the following deadlines:

- March 16: Federal Rule of Civil Procedure ("FRCP") 26(f) conference
- March 30: Initial disclosures pursuant to FRCP 26(a)(1)
- April 13: Joint status report and discovery plan pursuant to FRCP 26(f) and Local Civil Rule ("LCR") 26(f)

Dkt. No. 26. The next day, Plaintiffs amended the complaint. Dkt. No. 27.

On March 2, Defendants moved to stay the deadlines set forth in the February 16 Order until Defendants' forthcoming motion to dismiss and Plaintiffs' pending motion for class certification are resolved. Dkt. No. 28 at 1. The Motion to Stay is now fully briefed, with Plaintiffs opposing the stay. Dkt. Nos. 30, 32.

## II. LEGAL STANDARD

"[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016) (collecting cases). For example, district courts have wide discretion in controlling discovery, including by staying discovery. *See Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). Federal Rule of Civil Procedure 26(c) also permits parties to seek a protective order to limit discovery for good cause, "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ."

### III.   DISCUSSION

Defendants argue that a stay of the initial discovery deadlines in the February 16 Order is appropriate because: (1) their forthcoming motion to dismiss (due March 31, 2023) could dispose of the action and render discovery moot; (2) it is premature for the Parties to discuss discovery before they know what portions of the case remain, if any, following the resolution of the motion to dismiss and the pending motion for class certification; and (3) for these reasons, initial discovery preparation would be an unnecessary burden on the Parties and the Court. Dkt. No. 28 at 2–3; Dkt. No. 32 at 3. Plaintiffs counter that, in an action over Defendants' delays over the processing of immigration applications, a stay would only prejudice Plaintiffs further. Dkt. No. 30 at 1. Plaintiffs also argue that development of the record is necessary for the Court's resolution of the case, that a dispositive motion alone is not sufficient to stay discovery, Defendants have not filed the motion to dismiss yet, and the discovery required in the case does not depend on Plaintiffs' class certification motion. *Id.* at 3–5.

The Motion to Stay is premature. Defendants largely object to the perceived burden of proceeding with discovery in this case, but the February 16 Order merely sets initial case deadlines and requires the Parties to cooperate in setting forth their expectations and desired timeline. *See* Dkt No. 26. *See generally* Fed. R. Civ. P. 26(a), (f). It does not require any substantive discovery to occur at this time; indeed, it is only after the Parties file a joint status report, as ordered by the February 16 Order, that the Court will set a discovery schedule.

This Court has recently noted that, while the Ninth Circuit has generally commented on the proprietary of discovery stays pending the resolution of a Rule 12(b)(6) motion to dismiss a case, the existence of such a dispositive motion alone does not constitute good cause to stay discovery. *See HUB Int'l Nw. LLC v. Larson*, C22-1418, slip op. at 4–5 (W.D. Wash. Mar. 15,

2023). Courts have also looked to the dispositive motion to understand whether discovery is prudent. *See id.* at 6–7. Here, no such motion even exists for the Court to review.

The Ninth Circuit has also instructed that a court considering a stay of proceedings should weigh the competing interests, such as:

> the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). The Court has considered the competing interests in the case, including the failure of Defendants to show that the initial scheduling deadlines would be burdensome to meet (as opposed to general discovery itself) and Plaintiffs' allegation of continuing and ongoing harm from Defendants' delay (which forms the basis of Plaintiffs' claim against Defendants), and finds that a stay is not warranted at this time.

### IV.   CONCLUSION

Accordingly, the Motion to Stay (Dkt. No. 28) is DENIED without prejudice. To allow Parties sufficient time to confer and meet the initial scheduling deadlines, however, the Court hereby EXTENDS the deadlines set forth in its February 16 Order as follows:

- April 17: FRCP 26(f) conference
- May 3: Initial disclosures
- May 13: Joint status report and discovery plan

Dated this 15th day of March 2023.

Tana Lin
United States District Judge